IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

CONNIE NICHOLS,                )
                               )
        Plaintiff,             )
                               )
v.                             )   No.
                               )
WILLIS OF TENNESSEE, INC.,     )   JURY DEMAND
                               )
        Defendant.             )

# COMPLAINT

For her cause of action against Defendant Willis of Tennessee, Inc., plaintiff Connie Nichols states as follows:

## PARTIES

1. Plaintiff Connie Nichols is a citizen and resident of Nolensville, Williamson County, Tennessee.

2. Defendant Willis of Tennessee, Inc. is a Tennessee corporation with its principal place of business in Nashville, Davidson County, Tennessee. Defendant is in the business of insurance brokerage and is an "employer" as defined in the Family and Medical Leave Act, 29 U.S.C. 2611(4) and is within the coverage of the pregnancy and childbirth leave provisions of the Tennessee Human Rights Act, Tennessee Code Annotated §4-21-408.

## JURISDICTION AND VENUE

3. This is an action for damages and equitable relief brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA) and the pregnancy and childbirth leave provisions of the Tennessee Human Rights Act (THRA), Tennessee Code Annotated §4-21-408. This Court has jurisdiction of plaintiff's FMLA claim under 28 U.S.C. §§ 1331 because it is a civil action arising under the laws of the United States. This Court has supplemental jurisdiction of plaintiff's state law claim under 28 U.S.C. §1367 because this claim is so related to plaintiff's claim under the FMLA that it forms part of the same case or controversy.

4. Venue is proper under 28 U.S.C. § 1391 because defendant is deemed to reside in this judicial district and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## FACTS

5. Plaintiff was employed by defendant from on or about December 20, 2004 until on or about May 1, 2009, when her employment was involuntarily terminated by defendant. When the events that give rise to this claim occurred, plaintiff had sufficient length of service and hours of work to be an "eligible employee" as defined by the Family and Medical Leave Act, 29 U.S.C. §2611(2). Plaintiff was also protected by the coverage of the pregnancy and childbirth leave provisions of the THRA, Tennessee Code Annotated §4-21-408.

6. When she was terminated from employment by defendant, plaintiff was employed as Senior Client Manager at defendant's offices located at 26 Century Boulevard in Nashville, Davidson County, Tennessee.

7. In June 2008, plaintiff became pregnant with her second child. Plaintiff's expected date of delivery was March 5, 2009. Plaintiff gave timely notice of her pregnancy and her need for leave under the FMLA and the pregnancy and childbirth leave provisions of the THRA.

8. Plaintiff provided defendant with sufficient notice and medical evidence supporting her need for leave, and defendant approved plaintiff's request for leave.

9. Plaintiff began her approved leave on Friday, February 13, 2009. Her son was born on February 14, 2009. Plaintiff's leave was scheduled to last for twelve (12) weeks and plaintiff was scheduled to return to work on Monday, May 11, 2009.

10. On or about April 13, 2009, while plaintiff was on her approved leave for the birth of her child, defendant notified her that she was being terminated from her job effective May 1, 2009. Defendant failed or refused to restore plaintiff to her former or an equivalent or similar position upon the conclusion of her leave.

## COUNT I
## LIABILITY UNDER THE FAMILY AND MEDICAL LEAVE ACT

11. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 through 10 of this Complaint.

12. Under the FMLA, 29 U.S.C. §2612(a), as an eligible employee, plaintiff was entitled to a total of 12 weeks of leave during any 12 month period because of the birth of her child. Plaintiff was also entitled to leave under the FMLA for any period of incapacity due to her pregnancy. Under the FMLA, upon the conclusion of her leave, plaintiff was entitled to be restored to the same position she held when her leave commenced or an equivalent or similar position.

13. By failing or refusing to restore plaintiff to her former or an equivalent position upon the conclusion of her leave and instead terminating her as described above, defendant violated the FMLA, 29 U.S.C. §2614(a)(1), and thereby interfered with, restrained or denied plaintiff's exercise of her rights or attempt to exercise her rights under the FMLA, in violation of 29 U.S.C. §2615(a)(1).

14. As a result of defendant's unlawful conduct, plaintiff has lost or been denied wages, compensation, and other employment benefits.

## COUNT II
## LIABILITY UNDER THE TENNESSEE HUMAN RIGHTS ACT

15. Plaintiff adopts and incorporates by reference the allegations of Paragraphs 1 through 10 of this Complaint.

16. Under the pregnancy and childbirth leave provisions of the THRA, T.C.A. §4-21-408(b)(1), Plaintiff was entitled to leave of up to four (4) months for her pregnancy and childbirth, and she was entitled to be restored to her former or a similar position at the conclusion of her leave.

4

17. By failing or refusing to restore plaintiff to her former or a similar position upon the conclusion of her leave and instead terminating her as described above, defendant violated the THRA, T.C.A. §4-21-408(b)(1).

18. As a result of defendant's unlawful conduct, plaintiff has lost or been denied wages, compensation, and other employment benefits.

19. As a result of defendant's unlawful conduct, plaintiff has suffered embarrassment, humiliation, stress, and anxiety, and has incurred attorneys' fees and expenses.

## PRAYER FOR RELIEF

Based on the allegations of this complaint, plaintiff prays for the following relief:

1. For judgment against defendant under Counts I and II for lost wages, compensation and other employment benefits;

2. For reinstatement with full accrued benefits, including hours of service for purposes of eligibility for leave under the FMLA, or judgment against defendant for front pay in lieu of reinstatement;

3. For judgment against defendant under Count I for liquidated damages pursuant to 29 U.S.C. §2617 in an amount equal to the amount of wages, compensation, and benefits lost or denied as a result of defendant's violations of the FMLA;

4. For judgment against defendant under Count II for compensatory damages in an amount to be determined by the jury;

6. For pre-judgment and post-judgment interest;

7. For appropriate injunctive relief requiring defendant to cease and desist from violating the FMLA and THRA as described above;

8. For reasonable attorney's fees, expert witness fees, and costs in accordance with applicable law, including the FMLA, 29 U.S.C. §2617(a)(3) and the THRA, T.C.A. §4-21-311(b);

9. For such other general or equitable relief as plaintiff may be entitled to under the premises.

PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.

*/s/ Wade B. Cowan*
Wade B. Cowan (S.C. #9403)
Suite 225
150 Second Avenue, North
Nashville, Tennessee 37201
(615) 256-8125
wcowan@dhhrplc.com
Attorney for plaintiff